IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| SHELTON R. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 324-027 |
| | ) |
| WELLPATH; JERMAINE WHITE; RICKY WILCOX; VERONICA STEWART; TONJA KEITH; KAREN THOMAS; DENISHA GAUZE FOSTER-BELLAMY; TAMARSHE SMITH; ANDREW MCFARLANE; DR. JACKSON; DR. SUSAN OLIVER; DR. DAVID CHENEY; BEVERLEY MURRAY; NURSE RAY; NURSE SMITH; PAMELA MAXIE; NURSE GRAY; CYNTHIA HUNT; JIMMY J. KELLOM; SMITH; ANNTOINETTE JOHNSON; DEIRDRA BLACK; JEFF JEFFRIES; JOHN AUGUSTA INMAN; WENDY MILLER; CANDACE SMITH; LITTLE; CERT OFFICER WILCOX; DONN SMITH; RONNEISHED LASHAY MOORE; LT. HARRIS; LT. GRIFFIN; LT. CROY; LT. CHARBONNEAU; WILLIAM SIKES; NURSE JANE DOE I-III; NANCY LAWSON; and Z. SOLOMAN, | ) |
| Defendants. | ) |

**ORDER**

For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections, (doc. no. 4), to the Magistrate Judge's Order dated May 3, 2024, (doc. no. 3), which directed Plaintiff to submit an amended complaint to fix various pleading deficiencies.

Under Federal Rule of Civil Procedure 72(a), "[a] party may serve and file objections to [a magistrate judge's] order within 14 days after being served with a copy." "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The clearly erroneous and contrary to law standards are "exceedingly deferential." Pate v. Winn-Dixie Stores, Inc., No. CV 213-166, 2014 WL 5460629, at *1 (S.D. Ga. Oct. 27, 2014) (citations omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal., 508 U.S. 602, 622 (1993) (alteration in original) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). A finding is contrary to law "where it either fails to follow or misapplies the applicable law." Jackson v. Deen, No. CV 412-139, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citation omitted). As explained below, the Magistrate Judge correctly decided the contested issues.

Plaintiff takes great exception to the Order for him to amend, arguing his Complaint does comply with the Federal Rules of Civil Procedure, no prior court has ever taken issue with his drafting style, and the page requirement is unreasonable. (See doc. no. 4.) However, the Complaint alleges more than thirty constitutional violations by over forty defendants from Macon State Prison and Telfair State Prison. (See generally doc. no. 1.) In his thirty-seven pages of handwritten allegations, Plaintiff offers a two-year diary of his stay at both prisons and complains about all manner of prison life including medical care, meals, access to the courts, the law library, grievance and disciplinary procedures, a sexual assault, living conditions, retaliation, failure to intervene, and excessive force. (Id. at 5, 7-44.)

Under Federal Rule of Civil Procedure 8(a), Plaintiff must proffer a short and plain statement (1) detailing the Court's jurisdiction, (2) showing that he is entitled to relief, and (3) demanding judgment for the relief that he seeks. The Complaint is far from short or plain and amounts to a quintessential shotgun pleading that has been soundly condemned by the Eleventh Circuit. See, e.g., Magluta v. Samples, 256 F.3d 1282, 1284-85 (11th Cir. 2001) *(per curiam)* (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [the Eleventh Circuit] ha[s] condemned repeatedly. . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure").

Furthermore, Plaintiff cannot bring a host of unrelated claims. Instead, under Federal Rule of Civil Procedure 20(a), Plaintiff's claims (1) must arise out of "the same transaction or occurrence, or series of transactions or occurrences"; and (2) "there must be some question of law or fact common to all defendants that will arise in the action." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Alexander v. Fulton Cnty., Ga., 207 F.3d 1303, 1323 (11th Cir. 2000), overruled on other grounds by Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) *(en banc)*). Thus, Plaintiff may not include unrelated claims that occurred while he was housed at Macon State Prison, which is located outside this district.

Lastly, the limitation to complaints consisting of no more than six handwritten pages is not unreasonable, as it is standard practice for this Court and others within the Eleventh Circuit. See Jester v. Ayedun, CV 322-016, 2020 WL 16748798, at *1 (S.D. Ga. Nov. 7, 2022) (overruling objections when Magistrate Judge did not accept noncompliant amended complaint after Plaintiff was reminded exceeding six handwritten page limit would not be

3

accepted); London v. Ga. Dep't of Corr., CV 502-107, doc. no. 10 (M.D. Ga. May 10, 2002) (directing that amended complaint shall not exceed six handwritten pages); see also Pierre v. Conte, No. 23-60683, 2023 WL 2915820, at *2 (S.D. Fla. Apr. 12, 2023) ("[Plaintiff] may submit no more than three (3) continuation sheets to support his form Amended Complaint, if any additional pages are needed."). Failure to comply with this page limitation shall result in dismissal. See Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) (affirming dismissal because plaintiff failed to comply with order to redraft complaint to make it more concise).

As Plaintiff points out, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*). However, this liberal construction does not excuse *pro se* litigants from compliance with the rules or Court Orders and does not place the burden on the Court to rewrite a clearly deficient complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

Accordingly, the Court **FINDS** the Magistrate Judge's Order is not clearly erroneous or contrary to the law and **OVERRULES** Plaintiff's objections. (Doc. no. 4.) Plaintiff must amend his complaint in accordance with the May 3rd Order, (doc. no. 3), within fourteen days of the date of this Order or face dismissal.

SO ORDERED this ___18th___ day of June, 2024, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE