IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| SHELTON R. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 324-027 |
| | ) | |
| WELLPATH; JERMAINE WHITE; RICKY WILCOX; VERONICA STEWART; TONJA KEITH; KAREN THOMAS; DENISHA GAUZE FOSTER-BELLAMY; TAMARSHE SMITH; ANDREW MCFARLANE; DR. JACKSON; DR. SUSAN OLIVER; DR. DAVID CHENEY; BEVERLEY MURRAY; NURSE RAY; NURSE SMITH; PAMELA MAXIE; NURSE GRAY; CYNTHIA HUNT; JIMMY J. KELLOM; SMITH; ANNTOINETTE JOHNSON; DEIRDRA BLACK; JEFF JEFFRIES; JOHN AUGUSTA INMAN; WENDY MILLER; CANDACE SMITH; LITTLE; CERT OFFICER WILCOX; DONN SMITH; RONNEISHED LASHAY MOORE; LT. HARRIS; LT. GRIFFIN; LT. CROY; LT. CHARBONNEAU; WILLIAM SIKES; NURSE JANE DOE I-III; NANCY LAWSON; and Z. SOLOMAN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, filed this case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and has paid the $405.00 filing fee. However, notwithstanding any filing fee, the amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may

be granted, or if it seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A(b); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  SCREENING THE AMENDED COMPLAINT

A.  BACKGROUND

Plaintiff commenced this case by naming over forty defendants and submitting thirty-seven handwritten pages with his original complaint describing alleged mistreatment by various individuals over two years while incarcerated at both TSP and Macon State Prison. (See doc. no. 1.) By Orders dated May 3 and June 18, 2024, the Court explained Plaintiff must submit an amended complaint, and pointed out Plaintiff's pleadings failed to meet the requirements of Federal Rule of Civil Procedure 8 for a short and plain statement showing Plaintiff is entitled to relief. (See doc. nos. 3, 5.) The Orders also explained Plaintiff's litany of complaints concerning several years of alleged mistreatment between two prisons could not be properly joined in one lawsuit. (Id.) The Court then provided Plaintiff with specific instructions for submitting an amended complaint. (See doc. no. 3, pp. 4-7.)

In response, Plaintiff submitted an amended complaint that included twenty-five Defendants and still contained the same litany of unrelated claims concerning alleged misconduct by Defendants at TSP from June until December 2023. (See generally doc. no. 8.) Plaintiff disregarded the instructions given in the Court's Orders concerning Plaintiff's attempt to bring a host of unrelated claims in one lawsuit. (See doc. nos. 3, 5.) Rather, Plaintiff again provides a description of a multitude of issues concerning the twenty-five named Defendants over approximately six months and fails to demonstrate the relatedness of any of these claims other than the mere fact that the claims all occurred at TSP. (See generally doc. no. 8.)

The Court must take all of Plaintiff's factual allegations as true for purposes of the present screening. Here, Plaintiff is alleging countless violations of excessive force,

retaliation, lack of medical treatment, threats by prison officials, a sexual assault, placement in a strip cell, the taking of his personal property, access to the courts, interference with his "soft shoe" profile, meal issues, and grievance issues. (Id.)

B.  DISCUSSION

  1.  **Legal Standard for Screening**

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550

3

U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. See Bilal v. Geo Care, LLC, 981 F.3d 903, 911 (11th Cir. 2020); Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.     Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (finding dismissal appropriate where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned" (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018). "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'" Weiland v. Palm Beach Cnty.

4

Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

The dim view taken of shotgun pleadings has been described as follows:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b). See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.").  There are four types of shotgun pleadings:  first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ." Weiland, 792 F.3d at 1321.  The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322.  Third are those that do not separate each claim into a separate count. See id. at 1322-23.  Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323.
>
> . . . .
>
> The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted. See Weiland, 792 F.3d at 1320.  Courts are not required to "sift through the facts presented and decide for [itself] which [are] material." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

Cummings v. Mitchell, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.).  The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at

1323 (footnote omitted).

Here, the Court warned Plaintiff about the deficiencies in his original complaint, provided detailed instructions on how to correct these deficiencies, and warned that failure to correct them would result in the Court recommending dismissal. (See doc. nos. 3, 5.) Plaintiff failed to correct all the pleading deficiencies and completely disregarded the instructions given in the Court's Orders regarding his attempt to bring a host of unrelated claims in one lawsuit. (See generally doc. no. 8.) Instead, Plaintiff filed another quintessential shotgun pleading that includes a diary of undetailed, conclusory allegations and includes a combination of wholly unrelated claims that occurred over six months while incarcerated at TSP, all in violation of Federal Rule of Civil Procedure 20. (See generally id.)

In sum, Plaintiff's amended complaint is a shotgun pleading which should be dismissed. See Abdulla v. So. Bank, No. 22-12037, 2023 WL 2988135, at *2 (11th Cir. Apr. 18, 2023) (*per curiam*) (affirming dismissal of amended complaint as shotgun pleading where amendment contained "numerous conclusory, vague, and immaterial facts"); Ramos v. Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing an amended complaint nearly identical to the original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear"). Indeed, it is long settled in the Eleventh Circuit that the dismissal of a *pro se* complaint is appropriate where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Jester v. Ayodele Ayedun, et al., 2022 WL 16748798, at *1 (S.D. Ga. Nov. 7, 2022), aff'd, No. 22-14213 (11th Cir. Aug. 11, 2023) (affirming rejection of complaint that did not comply with amendment instructions); see also Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per*

6

*curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*).

### 3. The Case Should Also Be Dismissed Because Plaintiff Failed to Truthfully Disclose His Prior Filing History

Pursuant to Federal Rule of Civil Procedure 11, Plaintiff disclosed only six of his prior federal cases in his amended complaint. (Doc. no. 8, pp. 2-3.)[1] However, the Court is aware Plaintiff previously had numerous other cases pending in federal court: Thomas v. Cowens, et al., No. 1:05-CV-2148 (N.D. Ga. Jan. 23, 2006); Thomas v. Cobb Cnty, et al., No. 1:05-CV-2977 (N.D. Ga. June 9, 2009); Thomas v. McCory, No. 1:07-CV-0253 (N.D. Ga. Aug. 24, 2009); Thomas v. Willis, et al., No. 1:08-CV-1738 (N.D. Ga. Sept. 30, 2015); Thomas v. Cty. of Atlanta, No. 1:08-CV-1988 (N.D. Ga. Mar. 16, 2011); Thomas v. Thomas, et al., No. 1:08-CV-2795 (N.D. Ga. Sept. 9, 2011); Thomas v. Jackson, et al., No. 1:09-CV-1074 (N.D. Ga. Feb. 29, 2012); Thomas v. Wright, et al., No. 1:09-CV-1998 (N.D. Ga. May 17, 2010); Thomas v. Trinity Servs. Group Inc., et al., No. 1:09-CV-2085 (N.D. Ga. Nov. 10, 2009); Thomas v. Cty. of Atlanta, No. 1:08-CV-1988 (N.D. Ga. Mar. 16, 2011); and Thomas v. Aramark, Inc., et al., No. 1:10-CV-1694 (N.D. Ga. Feb. 25, 2011). Plaintiff commenced these cases before filing his amended complaint in the instant case, meaning he had every chance to fully disclose his prior filing history.

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for

---

[1] While Plaintiff notes in his amended complaint that, "due to page limitation, Plaintiff refers to [his] original complaint . . ." in reference to a list of his previous lawsuits, the Court cautioned Plaintiff "that no portion of any prior pleading shall be incorporated into his amended complaint by reference." (Doc. no. 3, p. 6.) Thus, the Court does not accept Plaintiff's improper reference attempt.

the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Strickland v. United States, 739 F. App'x 587, 587-88 (11th Cir. 2018) (*per curiam*) (affirming dismissal of complaint based on failure to disclose eight habeas petitions filed in district court); Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (*per curiam*) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (*per curiam*) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (*per curiam*) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12-CV-15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by* Alexander v. Salvador, No. 5:12-CV-15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

Indeed, pursuant to 28 U.S.C. § 1915A(b)(1), a district court must dismiss an action if the court determines that the action is frivolous or malicious. Nelson v. Bowels, No. 5:23-CV-326-TKW-MJF, 2024 WL 308270, at *1 (N.D. Fla. Jan. 26, 2024) ("[T]his case should be

8

dismissed under 28 U.S.C. § 1915A(b)(1) for maliciousness and abuse of the judicial process based on Plaintiff's failure to fully disclose his litigation history." (citation omitted)). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." Burrell v. Warden I, 857 F. App'x 624, 625 (11th Cir. 2021) (*per curiam*). The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Williamson v. Cnty. of Johnson, GA, CV 318-076, 2018 WL 6424776 (S.D. Ga. Nov. 5, 2018), *adopted by* 2018 WL 6413195 (S.D. Ga. Dec. 6, 2018); Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006) (*per curiam*). Plaintiff's failure to disclose his prior cases discussed above was a blatantly dishonest representation of his prior litigation history, and this case is subject to dismissal without prejudice as a sanction for abusing the judicial process.

## II.  CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, and because he fails to state a claim upon which relief may be granted, the Court **REPORTS** and **RECOMMENDS** Plaintiff's amended complaint be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 11th day of July, 2024, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA